UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY PERRI,

                Plaintiff,

       -against-

BARRAK HUSSEIN OBAMA, President of the
United States of America; ERIC HOLDER,
Attorney General of the United States of America;
BENTON CAMPBELL, Former United States
Attorney for the Eastern District of New York;
LORRETTA LYNCH, United States Attorney for
the Eastern District of New York; JANICECK
FREDACYK, Assistant Director of the Federal
Bureau of Investigation; and KATHLEEN RICE,
D.A. for Nassau County, New York,

                Defendants.
------------------------------------------------------------x

11-CV-165 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

ROSS, United States District Judge:

      Plaintiff Anthony Perri filed this pro se action on January 10, 2011. Plaintiff's request to proceed in forma pauperis is granted. For the reasons that follow, the action is dismissed without prejudice.

## BACKGROUND

      Plaintiff is a frequent litigant in this court. See Perri v. Bloomberg, et al., No. 06-CV-403 (CBA) (E.D.N.Y.) (case remains pending, following appointment of guardian ad litem); Perri v. Cardozo, et al., No. 06-CV-2846 (ARR) (E.D.N.Y. Sept. 25, 2006) (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted); Perri v. United States District Court for the E.D.N.Y., et al., No. 07-CV-282 (ARR) (E.D.N.Y. Jan. 30, 2007) (same); Perri v. City of New York, et al., No. 08-CV-451 (ARR) (E.D.N.Y. Nov. 17, 2009) (dismissed without prejudice following appeal and remand), aff'd, 382 Fed. Appx. 27 (2d

Cir. 2010).

In one of plaintiff's previous cases, the Court of Appeals for the Second Circuit directed the court to consider on remand whether plaintiff was an incompetent person entitled to the protections of Rule 17(c) of the Federal Rules of Civil Procedure. Perri v. City of New York, No. 08-CV-451 (E.D.N.Y. Feb. 19, 2008) (Dkt. No. 4) (dismissed as frivolous), vacated by 350 Fed. Appx. 489 (2d Cir. 2009) (remanded for determination as to whether appointment of guardian ad litem was necessary). Having then considered whether plaintiff was entitled to such appointment, the court determined that no guardian need be appointed to adequately protect plaintiff, because no guardian ad litem could save plaintiff's claims from dismissal. No. 08-CV-451 (E.D.N.Y. Nov. 17, 2009) (Dkt. No. 28), aff'd, 382 Fed. Appx. 27 (2d Cir. 2010).

Another judge of this court has also considered appointment of a guardian ad litem in Perri v. Bloomberg, No. 06-CV-403. Because the court found that that case presented a non-frivolous claim, the court ordered plaintiff to undergo a psychiatric evaluation and held a hearing on the issue of plaintiff's capacity and the appointment of a guardian ad litem. See No. 06-CV-403, slip op. at 6 (E.D.N.Y. Feb. 5, 2010) (Dkt. No. 179). By order dated December 28, 2010, the court determined that plaintiff lacked the capacity to pursue the lawsuit and appointed Ian Feldman, Esq. to be plaintiff's guardian ad litem in that action, which remains pending. See No. 06-CV-403, slip op. (E.D.N.Y. Dec. 28, 2010) (Dkt. No. 209).

On October 28, 2010, plaintiff filed a new complaint alleging that the President of the United States and other federal and state officials had released toxic substances into his living quarters at four separate residences and that the same officials had harassed him using media outlets, police officers, and civilians, and had entrapped him in criminal activity. Again, the

court considered whether plaintiff was entitled to a guardian <u>ad litem</u> and determined that no guardian <u>ad litem</u> could save plaintiff's claims from dismissal <u>Perri v. Obama, et al.</u>, No. 10-CV-5038 (E.D.N.Y. Nov. 30, 2010) (dismissing complaint without prejudice).

The instant complaint names all of the same defendants and is very similar to the October 28, 2010 Complaint. This time, plaintiff alleges that toxic substances were released in not four, but five, residences. Compl. ¶ 2. He describes a "house of horrors" at his residence at 108-37 44th Ave., in which he was allegedly exposed to toxic chemicals, in this case a powdered insecticide. <u>Id.</u> ¶¶ 23, 25-26. He states that these attacks occurred between October 28 and November 30, 2010. <u>Id.</u> ¶ 23. Plaintiff alleges that he then moved to "the death house," a residence at 111-66 43rd Ave., on December 1, 2010, where the alleged poisoning attempts continued. <u>Id.</u> ¶¶ 33-35. He attaches photographs of the two residences, including depictions of the chemicals. He asserts that he suffered health affects as a result of this exposure, including headaches, hot flashes, dizziness, and skin afflictions. <u>Id.</u> ¶¶ 24-25. On at least one occasion, he sought medical attention. <u>Id.</u> ¶ 24.

The instant complaint also alleges specific media targeting of plaintiff. He alleges that officials deliberately filled the first and last cars of subway trains with advertisements for "Burn Notice, Spies Don't Get Pink Slips," in order to harass him. <u>Id.</u> ¶ 29. He attaches a newspaper advertisement for a show about the "walking dead," which he alleges was designed to mock his condition. <u>Compl.</u> ¶ 30.

Plaintiff's demand for relief includes requests for the reassignment of his case to a new court and new judges, "an immediate injunction against the Barbaric practices as described herein," the appointment of a guardian <u>ad litem</u> and <u>pro bono</u> counsel, declaratory relief, and $60 million in compensatory and punitive damages. <u>Compl.</u> ¶¶ 43-52. By motion dated February 9,

2011, plaintiff further requests a preliminary injunction or temporary restraining order to restrain defendants from, inter alia, tampering with his food, using his neighbors against him, using news media and advertisers to cover this situation and to rally troops against him, and having his body cremated in the event of his death.

At the same time he submitted the instant complaint, plaintiff filed a notice of motion and a 58-page document labeled "Memorandum of Law: the Perri Report." These documents relate plaintiff's litigation history and allege ongoing harassment by various public officials going back to 2006. Moreover, plaintiff refers to recent tragedies and news stories, including the attack on Congresswoman Gabrielle Giffords and the death of Richard Holbrooke, and asserts that these incidents are connected to the named officials' ongoing campaign against plaintiff. Mem. of Law ¶ 54. The memorandum seeks unspecified injunctive relief, the recusal of the undersigned judge, and review by the United States Supreme Court. Id. ¶¶ 75-83. Plaintiff attaches multiple pages of photographs and newspaper clippings. By letter dated February 7, 2011, plaintiff supplemented his submissions with a "Submission of Evidence / Request for Investigation," in which he attaches photographs, primarily of his residence, and alleges that his neighbors are illegal aliens being used by defendants to attack him.

## DISCUSSION

Rule 17(c)(2) provides: "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The duty to "appoint" or "issue another appropriate order" arises after a determination of incompetency. Ferrelli v. River Manor Health Care, 323 F.3d 196, 201 (2d Cir. 2003). A court is under no obligation to inquire sua sponte into a pro se plaintiff's mental competence. Id., at 201, 203. However, the Second Circuit has directed that it would likely be an abuse of discretion

not to consider the application of Rule 17(c) if the court "is presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. at 203.

The court was presented with evidence of plaintiff's history of mental illness in his prior cases and held a hearing in order to determine whether he is competent to bring suit. The court determined that a guardian ad litem was necessary to protect plaintiff's interests in Perri v. Bloomberg, 06-CV-403. However, the court finds that it need not appoint a guardian ad litem in order to adequately protect the plaintiff in the instant action. See United States of America v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986) ("the court . . . need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected.") The court has carefully reviewed plaintiff's complaint and motion in this case and finds that appointment of a guardian ad litem in this proceeding would be futile because it appears that no guardian could save plaintiff's claims from dismissal. Plaintiff's claims regarding the involvement of federal officials in a scheme to poison plaintiff and his cat and the alleged links to many of the public tragedies of the moment are fantastic and incredible.

An action is considered frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). No matter how these allegations

5

forming plaintiff's complaint are presented, they will always be irrational or wholly incredible. When a court finds the factual allegations to be frivolous, it must dismiss the action or claims. See 28 U.S.C. § 1915(e)(2)(B) (requiring a district court to dismiss a case brought in forma pauperis if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

The Second Circuit has advised in cases involving incompetent plaintiffs that "if the court views it as clear that no substantial claim could be asserted on behalf of [an incompetent plaintiff], it may dismiss the complaint, but without prejudice." Berrios v. New York City Housing Authority, 564 F.3d 130, 135 (2d Cir. 2009). Faced with the incredible claims in plaintiff's complaint, and mindful of the need to control costs and conserve judicial resources, the court finds that no substantial claim could be asserted on plaintiff's behalf in this action. See Burke v. Coughlin, No. 86-CV-1174E (M), 1995 WL 350349, at *1 (W.D.N.Y. May 30, 1995) (declining to appoint a guardian ad litem where the action was unlikely to continue). Accordingly the complaint may be dismissed, without prejudice, and without the appointment of a guardian ad litem.

Accordingly, the instant action is dismissed without prejudice.

SO ORDERED.

/Signed by Judge Ross/
ALLYNE R. ROSS
United States District Judge

Dated: February 15, 2011
Brooklyn, New York

SERVICE LIST:

<div style="margin-left: 2em;">
<u>Pro Se Plaintiff</u>
Anthony Perri
111-66 43rd Avenue
2nd Floor
Corona, NY 11368
</div>